WILLIAM H. MORSE, *Adm'r, versus* ABIGAIL N. PAGE & *al.*
*Ex'rs.*

The Rev. Stat. c. 109, authorizing the commissioners on an insolvent estate,
. or the Court on an appeal from their decision to require a claimant against
such estate "to submit to examination" in relation to his claim, was de-
signed for the protection of the insolvent estate against contested claims;
and does not authorize the admission of the claimant to be a witness, on
the motion of his own counsel, to prove his claim.

AT the trial, before WHITMAN C. J. a verdict was returned
in favor of the plaintiff, and the counsel for the defendants
filed exceptions to the rulings and instructions of the presid-
ing Judge in several particulars. As a new trial was granted
with reference to but one, it becomes unnecessary to notice the
others. The facts are stated in the opinion of the Court, at
its commencement. The admission of the administrator to
testify in the case, is thus stated in the exceptions.

"On motion of the counsel for the plaintiff, William H.
Morse, the plaintiff, was then admitted by the Court as a wit-
ness in the cause, the counsel for the defendants objecting to
his admission ; and said Morse was sworn in chief to testify
in the cause. And being so admitted, the said Morse was ex-
amined by the counsel for the plaintiff as a witness in the
cause, and on his examination testified that, " &c. — giving
testimony in support of the claim.

*W. P. Fessenden,* for the defendants, referred to the stat-
utes on the subject. Stat. 1821, c. 51, § 26 ; and Rev. Stat.
c. 109, § 7, 8, and 23. The eighth and twenty-third sections
contain new provisions, not contained in any prior statute.

He then contended, that the Court, in giving a construction
to the statute, should look to the intention of the legislature
in making the provision, to the design and object of its enact-
ment, rather than to the mere letter.

The design evidently was, that the Court, at the request of
the counsel for the representatives of the deceased insolvent,
might examine the creditor, who brought forward a claim, in
order to ascertain whether it should be allowed. It is only

when the estate is rendered insolvent, that the examination of the claimant is authorized. It could not have been the intention of the legislature, that when the estate is insolvent, the alleged creditor is to offer himself as a witness to prove his own claim, when, without it, he would have failed. It was intended merely for the benefit of the estate. The letter, as well as the spirit of the statute favors this construction. It is only when "*required*" by the Court, or by the commissioners, that the claimant is to testify.

The mode of admission too, was an improper one. He was sworn in chief as a witness generally, when he should have been sworn to make true answers only.

*Deblois* and *O. G. Fessenden*, contended that the Court decided properly in directing the examination of the administrator in support of the claim. They cited the same sections of Rev. Stat. c. 109, and said, that it was the duty of the Court, so to construe a statute, that it may have a reasonable effect agreeably to the intention of the legislature. 3 Mass. R. 540; 12 Mass. R. 384; 14 Mass. R. 93. The letter of the statute may be enlarged or restrained, according to the true intent of the makers of the law.

The object of the law, on this subject, was to allow the commissioners, or the Court on appeal, to get at the truth in relation to the claim. If the Court orders the examination, it is immaterial who makes the motion, or who puts the questions. It is a mere matter of discretion, whether it shall be permitted or not, and the presiding Judge is to decide it.

The administrator stands in the place of the creditor, and may be regarded as the creditor.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendants are the executors of the will of Jonathan Page, deceased, whose estate had been represented to be insolvent, and commissioners had been appointed to receive and examine claims against it. The plaintiff, as the administrator of the estate of John Howland, deceased, had presented to the commissioners for allowance, three promissory

notes, signed by the testator, and payable to the intestate, one of them bearing date on March 29, 1823, and the other two on September 30, 1823. This claim was disallowed, and the plaintiff appealed and instituted this suit to recover the amount alleged to be due. The plaintiff, although objected to, was, on motion of his counsel, admitted as a witness on trial of the issue, was sworn in chief to testify in the cause, and did so testify.

The question is presented for consideration, whether he ought thus to have been admitted by virtue of the provisions of the statute, c. 109, § 23. That section provides, that " on the trial of such appeal before any Court or referees, the creditor may be examined upon oath as before the commissioners; and if he refuse to take the oath, or to answer fully upon examination, his claim shall not be allowed."

The manner of his examination before the commissioners is provided in these words of the seventh section. " The commissioners may, when they think it proper, require an oath to be administered by either of them to any claimant to make true answers to all such questions, as shall be asked of him by them relating to his claim; and they may thereupon examine him upon matters relating thereto." The eighth section provides, that " if any claimant refuse, when required, to submit to examination as aforesaid, his claim shall be rejected." It does not appear to have been the intention of the legislature to grant to the claimant a right, or to confer upon him the privilege, of proving his claim by his own oath. All the language used exacts and requires a duty of him to be performed on the demand and at the discretion of others, and not at his own pleasure. The commissioners may require him to answer " when they shall think proper." He is to be sworn only to make true answers to such questions, as shall be asked of him by them, relating to his claim. There is no provision granting to him the right to proceed and give testimony to a matter foreign to the question proposed, although it might be favorable to the allowance of his claim. A right thus to testify, or to be a witness in chief, would be inconsistent with the discre-

tion entrusted to the commissioners to examine him only, when they shall think it proper, and with the provision limiting his testimony to the answers to such questions, "as shall be asked of him by them."

A consideration of the design of the enactment will lead to a like result. The personal knowledge of a deceased person, respecting his debts and credits, and the means of proving them by other testimony than the books and written documents, which he may leave, is in most cases lost. His personal representative is often embarrassed thereby, and finds it to be difficult to prove a claim to be spurious, which he may have good reason to believe to be so. The legislature might reasonably be expected to interpose and to afford him additional means for the protection of the estate against such claims, especially in cases of insolvency, where it may become the interest of those having most intimate knowledge of the affairs of the deceased to bring forward such claims, while the creditors have little power to oppose them. It surely could not be expected to increase the difficulties, with which the personal representative is already burdened in the investigation of contested claims; or to afford claimants greater advantages, than they could have by law in the prosecution of the same claims against the deceased during his lifetime. A construction, which would confer such a privilege upon the claimant, and increase the disadvantages under which the administrator labors, certainly is not required by the language of the statute, if it should be granted that it is not forbidden by it.

The discretion entrusted to the commissioners must be transferred to the Court upon trial of the action there. A court of common law, however, does not of course interpose its authority to aid either party. It is not supposed to be sufficiently familiar with the merits of the claim to be enabled on its own mere motion to decide, when it would be proper to require it as a duty to be performed by the claimant, to answer questions respecting his claim. It would expect to be informed by the counsel representing the insolvent estate, of the necessity of resorting to the exercise of such a power, and to be satisfied,

that there was reason to believe it to be a proper case to call it forth, before it would enter upon the active exercise of it. If the statute was designed for the further protection of the insolvent estate against contested claims, the power should be exercised only for that purpose. To allow the claimant to interpose and to bring that power into active exercise for his own benefit, and against the remonstrance of the legal representative of the insolvent estate, would be to convert, what was designed to be a shield, into a weapon of offence.

In this case both parties are the representatives of deceased persons. The administrator, however, can have no rights superior to those of the creditor, which he represents. He presented the claim for allowance to the commissioners; and he prosecutes it on the appeal; and is, in the language of the statute, the claimant; although the claim is preferred in his representative character.

As it will be necessary to grant, a new trial, because the plaintiff was admitted on the motion of his own counsel to testify as a witness in the cause, it will not be necessary to consider the other questions presented by the arguments.

*Exceptions sustained,*
*and new trial granted.*